UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WEST COAST PRODUCTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-1687 (ABJ) |
| DOES, 1-1911, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

Plaintiff West Coast Productions, Inc. is a California corporation that allegedly owns the copyright to the motion picture "Teen Anal Nightmare 2," and this case is a copyright infringement action. Plaintiff moves this Court for leave to take discovery prior to the Rule 26(f) conference to obtain identifying information about Doe defendants who have allegedly downloaded pirated copies of plaintiff's movie onto their computers and participated in the reproduction and distribution of the film to other unauthorized downloaders using "BitTorrent" technology. To obtain this information, plaintiff requests that this Court grant it leave to serve subpoenas on non-party Internet Service Providers ("ISPs") to which defendants subscribe and from which defendants obtain internet access.

The discovery sought here can be compared to jurisdictional discovery, and in order to embark on such an undertaking on an expedited basis, a plaintiff must make a showing of good cause. *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998); *Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841, 844–45 (D.D.C. 1996). In a very thorough opinion, another court in this District recently held that a plaintiff seeking to

subpoena ISP providers in a case nearly identical to this one could show good cause for expedited discovery only as to those Does for whom there was a good faith basis to believe may reside in the District of Columbia. *Nu Image, Inc. v. Does 1-23,322*, No. 1:11-cv-301, --- F. Supp. 2d ---, 2011 WL 3240562, at *4 (D.D.C. July 29, 2011).  The court reasoned that since venue for claims asserted under the Copyright Act is governed by 28 U.S.C. §1400(a), and since that section requires that an infringement suit be brought in a judicial district "in which the defendant or his agent resides or may be found," venue would be appropriate in this district only for those putative defendants who live in the District of Columbia or over whom the Court has personal jurisdiction under the District's long-arm statute, D.C. Code §13-423.  The court further held that the plaintiff could demonstrate a good faith basis for its venue allegations if a geolocation service placed the IP address in question within the District of Columbia, or within a city located within 30 miles of the District of Columbia.

Since venue in this case is similarly based on 28 U.S.C. §1400(a),[1] *see* Compl. ¶ 4, this Court finds the *Nu Image* reasoning persuasive and adopts the same holding.

As such, and having considered plaintiff's motion [Dkt. #5], it is hereby ORDERED:

That plaintiff's Motion is DENIED.  The Court will entertain a motion by Plaintiff to serve Rule 45 subpoenas on the ISPs to obtain identifying information only for IP addresses that plaintiff has a good faith basis to believe are reasonably likely to correspond to internet accounts located in the District of Columbia.  Plaintiff can file a new motion for expedited discovery in accordance with the terms of this Order by November 21, 2011 at 5:00 p.m.  If plaintiff

---

1 The complaint also cites 28 U.S.C. §1391(b), but since copyright infringement is the sole claim set forth in the complaint, it is 28 U.S.C. §1400(a), the exclusive venue provision for actions brought under the Copyright Act, that controls.

anticipates needing additional time to respond or otherwise comply with this Order, plaintiff may file a motion to continue the above dates.

                                AMY BERMAN JACKSON
                                United States District Judge

DATE:  October 25, 2011